The Chancellor.
This case turns upon a single question, whether the assignment, by Henry A. Van Dyke and wife to William Myer, of the 29th of May, 1848, was for his individual benefit, or in trust for Rebecca F. Van Dyke ? It is satisfactorily proved that the debt for which the bond and mortgage were given was the debt of William Myer. If the bond was paid off by Myer, when the assignment was made to him, then the debt was paid off *279 and cancelled as to Samuel Seymour, who, although the principal debtor on the face of the bond and mortgage, was in fact but the security for the debt, which was the proper debt of William Myer. That debt, if paid by William Myer, and if the securities were in his hands by legal assignment, he could not, by any act of his, by assignment or otherwise, give vitality to, as against Samuel Seymour. The bond and mortgage in the hands of Myer constituted no legal claim against Samuel Seymour. In equity, it was satisfied, and would be considered as can-celled, as between Myer and Seymour. The assignee of William Myer must take it subject to all the equities which the obligor of the bond had against it when the securities passed out of Myer’s hands by assignment.
The fact of the assignment to William Myer is prima fade evidence of the debt being paid by him. This is, however, open to explanation ; and it is proved that the assignment was made to William Myer, in trust for Rebecca F. Yan Dyke.
But the defendants further insist, that the consideration of the assignment from the executors of Robert Boggs to Rebecca F. Yan Dyke (then Rebecca F. Randolph) was paid by William Myer, and that in fact she was thus constituted the trustee of William Myer. This is so, if the consideration money was paid by Myer. The burthen of proof was upon the defendants. I think the weight of the evidence is against them.
Mrs. Myer, the mother of Rebecca, swears that the money was advanced by the guardian of Rebecca, for the purpose of purchasing the bond and mortgage. The books of the guardian, who is since deceased, show that, on the day the assignment bears date, Rebecca was charged with $900. In addition to this, it is shown by the defendants themselves, as clearly as such a fact admits of positive proof, that Myer was insolvent, and had no means to pay the amount of money, or any part of it, due on the bond.
There are several circumstances upon which the de *280 fendants rely to show that the bond was paid by 'William Myer. But these facts all admit of explanations consistent with the fact of the money advanced being the money of Rebecca F. Van Dyke. Looking at the whole case, and carefully examining all the facts, I am well satisfied that William Myer has never paid any part of this debt with his own money. He undoubtedly desired, and intended to do so. The debt was kept in such hands as might not distress Mrs. Seymour during her life, and the effort to do this, on the part of William Myer, has subjected him to some suspicion.
The complainants are entitled to a decree.